**No. 58511.**—Austin, Nichols & Co., Inc., et al. *v.* United States, protests 206601–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C. C. P. A. 130, C. A. D. 508) and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 58512.**—American Wine Company *v.* United States, protest 224428–K (F) (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the merchandise, issues, and facts herein are similar in all material respects to those involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the 3 cases of alcoholic beverages covered by warehouse entry No. 71765 and 10 cases of alcoholic beverages covered by warehouse entry No. 6824, reported by the inspector as manifested, not found, were not in fact received by the importer. In accordance with stipulation of counsel and following the decision cited, it was held that duty and internal revenue tax are not assessable upon such portions of the merchandise as were reported by the inspector as manifested, not found. The protest was sustained to this extent.

**No. 58513.**—James G. Wiley *v.* United States, protest 202817–K (Los Angeles).

Opinion by JOHNSON, J. In accordance with oral stipulation of counsel that the correct dutiable weight was 196,165 pounds and that actually 196,165 pounds of goods were imported, the collector was directed to refund all duties taken in excess.

NOVEMBER 8, 1954

**No. 58514.**—SUIT 4809.—B. K. Elliott Co. *v.* United States.—
.—A. R. D. 37. (Appeal dismissed September 15, 1954.)